## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTIAN IOVIN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> KEITH PATRICK GILL, MML INVESTORS SERVICES, LLC, AND MASSACHUSETTS MUTUAL LIFE INSURANCE CO. <br><br> Defendants. | Case No.  1:21-cv-10264-MGM <br><br> <u>CLASS ACTION</u> |

## <u>NOTICE OF VOLUNTARY DISMISSAL</u>

PLEASE TAKE NOTICE that Plaintiff Christian Iovin ("Plaintiff"), through his undersigned counsel of record, hereby voluntarily dismisses the action, without prejudice, pursuant to Fed. R. Civ. P 41(a)(1) as follows:

WHEREAS defendants have not been served, have not entered an appearance, have not answered nor moved for summary judgment and no class certification motion has been filed;

WHEREAS Plaintiff has not entered into any agreement with any defendant in connection with the voluntary dismissal:

WHEREAS neither Plaintiff nor counsel has received or will receive any consideration for dismissal.

WHEREAS under Federal Rule of Civil Procedure 41(a)(1), Lead Plaintiff is entitled to dismiss this action on his own initiative:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . .

2

WHEREAS although this case alleges putative class claims, Federal Rule of Civil Procedure 23(e) is inapplicable to the instant dismissal as the dismissal does not involve the claims, issues or defenses of a certified class - or a class proposed to be certified for purposes of settlement.

WHEREAS no prejudice to absent putative class members will result from dismissal of the action because a class has not been certified, the dismissal will not affect their rights, and there is no imminent statute of limitations or repose deadline;

WHEREAS Federal Rule of Civil Procedure 23(e)(1)(B) is inapplicable to the instant dismissal as none of the absent putative class members would be bound; and

WHEREAS no notice need be sent to absent putative class members, because a class has not been certified, the case is in its infancy, and no absent putative class member will be bound by the voluntary dismissal of Plaintiff's claims.

THEREFORE, Plaintiff hereby dismisses the action without prejudice as to Plaintiff's individual claims.

DATED:  April 14, 2021

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

/s/ *Thomas M. Sobol*
Thomas M. Sobol (BBO #471770)
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142
Telephone: (617) 482-3700
Facsimile:  (617) 482-3003
tom@hbsslaw.com

Steve W. Berman (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave., Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Reed Kathrein (*pro hac vice* forthcoming)
HAGENS BERMANS SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com

E. Powell Miller (*pro hac vice* forthcoming)
Sharon S. Almonrode (*pro hac vice* forthcoming)
THE MILLER LAW FIRM, P.C.
950 West University Drive, Suite 300
Rochester, MI  48307
Telephone: (248) 841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

*Counsel for Plaintiff*

HONIGMAN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Tel: 313-465-7000

*Of Counsel*

## CERTIFICATE OF SERVICE

I, Thomas M. Sobol, certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system.


DATED:  April 14, 2021                                    /s/ *Thomas M. Sobol*
                                                          Thomas M. Sobol